QUINTANA RACING PARK, INC., Plaintiff and Appellant, v. RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 7412. Argued February 2, 1938.—Decided July 13, 1938.

*Bolívar Pagán* for appellant. *B. Fernández García, Attorney General,* and *C. Andréu Ribas, Deputy Attorney General,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

On November 4, 1934, various races were held at the Quintana racing track owned by the complainant, Quintana Racing Park, Inc. On that date and in accordance with the Racing Act of Puerto Rico, what is known as a subscription fund was operated in connection with the said races. Deogracias Viera Rodríguez, who was at that time president of said corporation, was appointed *Registrador Oficial*. Said appointment was approved by the Insular Racing Commission. For said subscription fund 33,588 tickets were sold. On the face of each ticket it was stated that the value of the ticket was 72 cents and the commission of the agent was 28 cents.

The Collector of Internal Revenue of Río Piedras taxed Quintana Racing Park, Inc., on December 5, 1934, $2,653.46, 10 per cent on 25 per cent of 33,588 tickets at $1.00 per ticket and other charges not contested here. Complainant paid said sum under protest and filed suit against the Treasurer of Puerto Rico in the District Court of San Juan for the recovery of said taxes. The district court found for the Treasurer and dismissed the complaint. From this holding complainant, Quintana Racing Park, Inc., appealed, and alleges four errors:

"1.—That the district court erred in holding that the complainant and not Deogracias Viera Rodríguez, *Registrador Oficial,* was obliged to retain the excise tax on the winnings of the subscription fund of November 4, 1934, and to pay said amount to the Treasurer of Puerto Rico.

"2.—That the district court erred in holding that the complainant was bound to pay the sum of $2,653.46 to the Treasurer to satisfy said tax, instead of $1,813.75, according to the amount actually received by the *Registrador Oficial.*

"3.—That the court erred in the appreciation of the evidence of the complainant.

"4.—That the district court erred in dismissing the bill of complaint."

■ Appellant, in support of its first error, wages that Quintana Racing Park, Inc., was not obliged to pay the tax

of the subscription fund, maintaining on the contrary that Deogracias Viera Rodríguez, the *Registrador Oficial,* should be the one to make said payment. In support of this argument complainant insists that Article 29 of the Insular Racing Act (No. 11 of April 18, 1932, Session Laws, p. 194) does not state that the owner of the racing track is obliged to comply with the duties which should fall to the person in charge of the subscription fund. Complainant further argues that the persons with absolute control of the fund were the *Registrador Oficial* and the Insular Racing Commission and that no funds could be withdrawn from the banks without the authorization of both. However, paragraph 3 of Act No. 11 of 1932, Third Special Session, p. 50, states as follows:

*"Pools and Subscription Funds.*—Any person who receives or obtains any amount as winnings in the pools and subscription funds of any race track established in Puerto Rico, shall pay an excise tax of ten (10) per cent of the total of the amount received or obtained. This tax shall be retained by the person, company or corporation in charge of the operation of the race track, by deducting it from the amount received or obtained by the winning party, which amount shall be paid within the three days following the date on which such payment shall have been made, and through the cancellation of internal-revenue stamps on invoices to be furnished by the Treasurer of Puerto Rico; . . . "

The obligation to retain the tax imposed upon the winnings in the subscription fund is, therefore, clearly imposed upon the person, company or corporation in charge of the operation of the race track and since the Quintana Racing Park, Inc., was said corporation, it is, consequently, made directly responsible by law for the payment of said tax. Appellant's first alleged error is thus not well taken.

As his second error appellant alleges that the tax imposed should have been $1,813.75 instead of $2,653.46. To sustain this assumption appellant alleges that the value of the ticket was in reality 72 cents, the other 28 cents being

given to the agent as his commission for the sale of the ticket. In other words that only 72 cents of the price paid for the ticket goes into the fund from which later the winnings are paid. Appellant cites paragraph 3 of Act No. 11 of 1932, Third Special Session, p. 50. Paragraph 3 of said law states as follows:

"... Any person who receives or obtains any amount as winnings ... shall pay an excise tax of 10% of the total of the amount received or obtained ... and provided further that the amount collected by reason of the excise tax of ten (10) per cent levied on the amount to be distributed as prizes, derived from the proceeds of the sale of tickets subscribed for the 'Subscription Fund'. . ."

It is thus evident that the 10 per cent excise tax is a tax levied on the winnings.

Section 29 of Act No. 11 of 1932 (Session Laws, pp. 194, 210) provides:

"There shall be deducted at the race tracks of Puerto Rico ... twenty-five (25) per cent of the gross total of bets made in the pool, subscription funds or mutuels. The gross total derived from said deductions shall be distributed as follows: eighty-five (85) per cent for the corporation operating the race track and fifteen (15) per cent for the funds of the Insular Racing Commission."

Therefore, the commission that the Quintana Racing Park, Inc., pays its agents for the sale of the tickets should be deducted from the 85 per cent of the 25 per cent of the gross total of the bets given to the corporation since said commission is an operating expense. The other 75 per cent of the gross total goes into the fund from which the winnings are paid and it is this sum which is taxed 10 per cent. Rule No. 3 adopted by the Insular Racing Commission reads as follows:

"The tickets duly numbered shall be sold at the price stamped thereon and the amount obtained from said sale shall go into the 'fund.' There shall be stamped on each ticket, in addition to its value, the commission to be paid to the agent in charge of the sale.

Should the tickets be made of smaller denominations to further their sale the above requisite shall be complied with on all such fractional units.''

This rule does not change the value of the ticket as appellant alleges, from $1.00, the actual price, to 72 cents. Appellant alleges that 72 cents of the price of the ticket is the amount that reaches the hands of the *Registrador Oficial* as the commission is kept by the agent and consequently does not belong to the fund. Rule 3 of the Insular Racing Commission states clearly that the ticket shall be sold for the price stamped on the same and that the amount obtained from said sale should go into the fund. It then states that the commission paid to the agent shall also be stamped on each ticket. Even if this rule were opposed to the terms of section 29 of Act No. 11 of 1932, section 29 of said law would be applicable, since the Insular Racing Commission can at no time change the law by adopting a new rule. The district court did not commit the second error as alleged by the appellant.

As his third error appellant alleges that the district court erred in the appreciation of the evidence of the complainant. Appellant maintains that he had no hand in the administration of the fund and that the only person with the absolute control and administration of the subscription fund and the disposal of the fund was the *"Registrador Oficial,"* with the intervention of the President of the Insular Racing Commission. He also maintains that the evidence proves that the value of each ticket was 72 cents and not $1 since the commission was not a part of the fund. We do not see that any error was committed by the district court since in regard to the value of the ticket the Insular Racing law directly covers the point and as a consequence it is not a question of evidence but of interpretation of the statute.

Appellant's fourth error alleges that the district court erred in dismissing its bill of complaint. Since the tax imposed by the Collector of Internal Revenue of Río Piedras

was correctly imposed, the district court did not incur in error in dismissing the bill of complaint.

The judgment appealed from should be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.